Eric L. v. HHS                        CV-91-376-M    02/07/96

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Eric L.; Kim C.; James K.; Julie W.;
Bruno J.; Jennifer B.; and Jeff D.;
Individually and on Behalf of
All Others Similarly Situated,
     Plaintiffs,

     v.                                    Civil No. 91-376-M

Commissioner of the New Hampshire
Department of Health and Human Services;
and Director of the New Hampshire
Division of Child & Youth Services,
     Defendants.



                          O R D E R


     Plaintiffs in this class action seek declaratory and

injunctive relief under the Fourteenth Amendment to the United

States Constitution and various federal statutes.  On March 31,

1994, the court granted defendants' motion to dismiss plaintiffs'

claims under the Adoption Assistance and Child Welfare Act

("AACWA"), 42 U.S.C. §§620-628, 670-678, and the Child Abuse

Prevention and Treatment Act ("CAPTA"), 42 U.S.C. §§5101-5106a.

The court concluded that plaintiffs' claims under the AACWA were

foreclosed by the Supreme Court's decision in Suter v. Artist M.,

503 U.S. 347 (1992).  And, applying the reasoning outlined in

Suter, the court held that plaintiffs also failed to state a

claim under CAPTA.

Subsequently, in response to the Suter decision, Congress amended the Social Security Act (of which the AACWA is a part). That amendment provides:

> In an action brought to enforce a provision of this chapter, such provision is not to be deemed unenforceable because of its inclusion in a section of this chapter requiring a State plan or specifying the required contents of a State plan. This section is not intended to limit or expand the grounds for determining the availability of private actions to enforce State plan requirements other than by overturning any such grounds applied in Suter v. Artist M., 112 S.Ct. 1360 (1992), but not applied in prior Supreme Court decisions respecting such enforceability; provided, however, that this section is not intended to alter the holding in Suter v. Artist M. that section 671(a)(15) of this title is not enforceable in a private right of action.

42 U.S.C. §1320a-2 (the "Suter Amendment").[1]

Plaintiffs move the court to reconsider its order dismissing their claims under the AACWA and CAPTA in light of the recently enacted Suter Amendment. By order of even date, the court granted plaintiffs' motion for reconsideration and instructed the parties to submit legal memoranda on or before April 15, 1996, addressing, inter alia, the constitutionality of the Suter Amendment. Specifically, the court instructed the parties to address the following questions:

---

[1] As part of the Improving America's Schools Act of 1994, Congress enacted an identical amendment, which is codified at 42 U.S.C. §1320a-10.

1. Does the _Suter_ Amendment substantively alter the analytical framework courts must employ in determining whether plaintiffs have a private right of action for alleged violations of the Social Security Act, or, as the Court of Appeals for the District of Columbia has held, does it "change[] none of the factors on which the _Suter_ Court's reasoning depended" and, thus, have "no effect on the interpretative issues raised by the Adoption Assistance Act." _LaShawn A._, 69 F.3d at 569-570.

2. Is the _Suter_ Amendment a legitimate modification of prior law or is it an impermissible prescription of rules of decision to the judicial branch, in violation of the separation of powers doctrine?

Because the constitutionality of an act of Congress that affects the public interest is raised, 28 U.S.C. § 2403(a) requires this court to certify such fact to the Attorney General and permit the United States to intervene for the presentation of evidence, if appropriate, and for argument on the question of constitutionality.[2]

---

[2] 28 U.S.C. § 2403(a) provides:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

3

Accordingly, this court certifies to the Attorney General of the United States the fact that this case presents a potential constitutional challenge to 42 U.S.C. § 1320a-2. The court also orders:

(1)  That, at the request of the Attorney General, copies of requested pleadings and orders filed in this case be transmitted to the Attorney General; and

(2)  That the Attorney General also file a brief or memorandum addressing the specified questions on or before March 15, 1996, if she chooses to intervene in these proceedings.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 7, 1996

cc:  Bruce E. Friedman, Esq.
     Ronald K. Lospennato, Esq.
     Daniel J. Mullen, Esq.
     Erica U. Bodwell, Esq.
     Rory Fitzpatrick, Esq.
     United States Attorney General
     Gretchen L. Witt, Esq.

4